```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

CLIFFORD EARL SCHUETT,         :
                               :
        Plaintiff,             :
                               :
    v.                         :    Case No. 2:14-cv-216
                               :
VETERANS ADMINISTRATION,       :
                               :
        Defendant.             :
```

## OPINION AND ORDER
(Doc. 5)

Plaintiff Clifford Earl Schuett, proceeding *pro se*, seeks to file a civil complaint against the United States Department of Veterans Affairs ("VA") alleging that the VA failed to properly transfer his veterans' benefits after he moved to Nevada. Defendant VA moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (Doc. 6.)  Schuett did not file a response.  For the reasons set forth below, Defendant's Motion to Dismiss (Doc. 6) is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

### Factual Background and Procedural History

Schuett is currently incarcerated in the state of Nevada (Doc. 4 at 3.)  Schuett alleges that until November 2013, he lived in Vermont and received veterans' benefits from the VA.  In November 2013, he moved to Nevada.  Schuett alleges that after he moved, he stopped receiving his

benefits, despite sending five letters to the VA in Vermont and appearing in person at the Nevada VA office.  Id. at 4. As relief, Schuett seeks monetary damages compensating him for the benefits he did not receive.  Id. at 3.

Defendant VA moves to dismiss, arguing that the Court lacks subject matter jurisdiction over Schuett's claims and that he has not established a waiver of sovereign immunity necessary to bring suit against a federal government agency. (Doc. 5 at 3.)  Defendant further argues that the Complaint fails to state a claim on which relief can be granted, because Schuett has not exhausted his administrative remedies and cannot establish that he is entitled to relief in this Court.  Id. at 7.

## Standard of Review

Defendant seeks dismissal of the Complaint under Fed. R. C. P. 12(b)(1) and 12(b)(6).  Filings by self-represented parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted).

Federal Rule of Civil Procedure 8(a) requires the plaintiff to provide "a short plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  On a motion to dismiss pursuant to Rule 12(b)(6), the court reviews the face of the plaintiff's complaint and accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

Even a facially-sufficient complaint may be properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The party asserting subject matter jurisdiction bears the burden of proving, by a preponderance of the evidence, that the court has jurisdiction.  Id.

Finally, a district court may dismiss a case filed *in*

*forma pauperis* where it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Section 511(a) of Title 38 entrusts the Secretary of Veterans Affairs with all decision-making authority over matters involving veterans' benefits, providing that those determinations, "shall be final and conclusive and may not be reviewed by any other official or by any court." 38 U.S.C. § 511(a). Accordingly, a decision regarding veterans benefits must be appealed to the Board of Veterans' Appeals, and thereafter is subject to the exclusive jurisdiction of the Court of Appeals for Veterans Claims. See 38 U.S.C. §§ 511(a), 7104(a), 7252(a). Under this scheme, the federal district court lacks jurisdiction to review veterans' benefits claims. See Odonoghue v. U.S. Dept. of the Army, No. 12-CV-5338 ENV, 2012 WL 5959979, at *2 (E.D.N.Y. Nov. 26, 2012) (dismissing veterans' benefits claim for lack of subject matter jurisdiction); Ramnarain v. U.S. Veterans Admin., No. 11 CV 4988(BMC), 2012 WL 1041664, at *4 (E.D.N.Y. Mar.28, 2012) (dismissing veterans' benefits claim

for lack of subject matter jurisdiction).  Therefore, because this Court lacks subject matter jurisdiction to review Schuett's claims, Defendant VA's Motion to Dismiss is GRANTED.

District courts generally should not dismiss a *pro se* complaint without granting leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, the Court need not grant leave to amend where doing so would be futile. See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") Here, the Court concludes that granting leave to amend would be futile, because Schuett cannot overcome the jurisdictional exclusion established under Title 38, nor can he establish a waiver of sovereign immunity necessary to bring suit against a federal government agency.  See Odonoughue, 2012 WL 5959979, at *2.

## Conclusion

For the reasons set forth above, Defendant VA's Motion to Dismiss is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of July, 2015.

<pre>
                        /s/ William K. Sessions III
                        William K. Sessions III
                        Judge, United States District Court
</pre>